**Carl D. KUMPF and Diane B. Kumpf**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 81–1527.**

United States Court of Appeals, Third Circuit.

Argued May 27, 1982.

Decided June 15, 1982.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Robert T. Duffy (argued), Jay W. Miller, Tax Div., Dept. of Justice, Washington, D. C., for appellant.

David Nicol Williams (argued), James W. Owen, Williams & Gordon, P. A., Wilmington, Del., for appellees.

Before SEITZ, Chief Judge, and SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue from a decision of the Tax Court granting the motion of Carl and Diane Kumpf (taxpayers) for judgment by default. We have jurisdiction over the appeal pursuant to section 7482(a) of the Internal Revenue Code of 1954. We vacate the default judgment and remand to the Tax Court.

On March 29, 1978, the Commissioner issued a deficiency notice to the taxpayers for $6,802.70 in income taxes for the year 1974. This notice was issued based on the Commissioner's position that certain commissions for the sale of life insurance policies reported by a corporation owned by the taxpayer Carl Kumpf should have been reported as income by the taxpayers as individuals. On June 23, 1978 the taxpayers petitioned the Tax Court for a redetermination of the asserted deficiency. The Commissioner filed a timely answer on August 14, 1978. The record is replete with delays on the part of the Commissioner thereafter. The Commissioner has admitted both in the Tax Court and in this court that those

delays were unnecessary and unwarranted. He has offered no explanation for the delays. Because these delays were the basis of the Tax Court's entry of default judgment against the Commissioner and because the scenario of events is necessary to an understanding of the legal issue presented by this appeal, we will review those events in detail.

Following the Commissioner's answer to the taxpayers' petition, taxpayers wrote on September 11, 1978 to the attorney whose name appeared on the Commissioner's answer, inquiring whether the attorney was assigned to the case and when the attorney would be ready to discuss the case. No reply was received, and on January 24, 1979 the taxpayers were notified that the case was scheduled for trial on April 30, 1979. Still unaware of who would represent the government, taxpayers wrote to the Regional Counsel for the Internal Revenue Service on February 7, 1979, requesting the name of the Commissioner's attorney.

On April 20, 1979, ten days before the scheduled trial, a conference was held between the attorneys. At that conference no settlement was reached. On the trial date, April 30, 1979, the taxpayers submitted a written settlement offer, and the parties joined in a motion for continuance, affording the Commissioner an opportunity to consider the settlement offer. On May 23, 1979, the Commissioner's attorney informed the taxpayers by telephone that the settlement offer was under review and that an answer could be expected by June 30, 1979. None was sent.

On July 31, 1979, taxpayers received a "request for trial status" from the Tax Court. On August 2, 1979, taxpayers wrote the Commissioner's attorney inquiring when a response to the April 30 settlement offer would be made. They sent another letter on September 26, 1979 posing the same inquiry. The Commissioner rejected the taxpayers' settlement offer by telephone on September 28, 1979, five months after it was made and three months after a decision was promised. In that conversation, the Commissioner informed the taxpayers that a written statement of the Commissioner's position and a proposed stipulation would be provided within one month.

On November 8, 1979, taxpayers received a notice that the case was reset for trial on February 11, 1980. The taxpayers wrote to the Commissioner's attorney on November 15, 1979, inquiring when the proposed stipulation of facts would be submitted. Two and one-half months after this letter and two weeks before the trial date, the Commissioner's attorney forwarded to the taxpayers a motion for continuance. In requesting the taxpayers to join in the motion, the letter stated:

> In keeping with that Motion, we have established a deadline of March 31, 1980 for submission to you of pertinent authority and a proposed stipulation.

App. at 33a. In reliance on this promise and the hope that a settlement would eventuate, the taxpayers joined in the motion for a continuance. The materials promised by March 31, 1980 were not forthcoming.

On May 5, 1980, the taxpayers moved for a judgment of default or dismissal against the Commissioner pursuant to Rule 123(a) of the Tax Court Rules of Practice and Procedure.[1] That motion was argued to the court on September 22, 1980 on the basis that the Commissioner's delay denied the taxpayers their right to a just, speedy and inexpensive decision as provided for in Tax Court Rule 1(b). App. at 35a–39a. The Commissioner's attorney did not contest or attempt to justify the delay, although he

1. The authority for promulgation for such Rules is provided in I.R.C. § 7453. That section states:

> Except in the case of proceedings conducted under section 7463 [disputes involving $5,000 or less], proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe....

Pursuant to this provision, the present Tax Court Rules were adopted by the Tax Court on June 14, 1973 and became effective on January 1, 1974. Several revisions in the rules have been made since that date. *See* Tax Court Rule 2(a).

referred to "reorganization" of the office and his own unfamiliarity with Tax Court work notwithstanding his 24 years with the government. App. at 42a. He did tell the court that the Commissioner considered the substantive issue, which involves assignment of anticipatory income, to be an important one. App. at 40a–41a. Both parties presented to the court their summaries of the merits and relevant legal issues. App. at 44a–49a. At no time prior to the September hearing did the Commissioner's attorney provide the material promised by March 31, but he did present the taxpayers with a proposed stipulation of facts at the hearing. The taxpayers responded that the proposed stipulation was unacceptable. The court reviewed the stipulation in open court and noted that it contained an item which would have included a stipulation by the taxpayers that this was an anticipatory assignment of income, which is a legal conclusion, and would have stipulated the taxpayers out of court. App. at 52a–53a.

The Tax Court reserved decision, the judge stating that he would examine the entire record before ruling on the taxpayers' motion. App. at 53a. On October 22, 1980, the court entered an order granting the taxpayers' Motion for Judgment by Default or Dismissal. No findings of fact or opinion were filed, although the order recited that it was "[b]ased upon the entire record in this case, pursuant to Rules 1(a) and 123 of the Court's Rules of Practice and Procedure." App. at 55a.

The Commissioner's motion to set aside the default was denied by the Tax Court, and his request for Review by the United States Tax Court en banc was denied. This appeal followed. In this appeal, the Commissioner raises two issues: whether the entry of a default judgment was an abuse of discretion and, alternatively, whether the Tax Court erred as a matter of law in entering such a decision in the absence of any demonstration by taxpayers of a prima facie case on the merits.

The parties agree that the default judgment against the Commissioner was entered pursuant to Tax Court Rule 123(a) which provides:

(a) Default. When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter.

By its express terms, Rule 123(a) authorizes a default only when a party "has failed to plead or otherwise proceed as provided by these Rules or as required by the Court." There has been no suggestion that the Commissioner failed to plead or that he disobeyed any order of the court. Therefore, the applicability of Rule 123(a) is dependent upon finding that the Commissioner violated one of the Tax Court's Rules. The only Tax Court Rule referred to in the order is Rule 1(a). That Rule provides:

Rule 1. Scope of Rules and Construction

(a) Scope. These Rules govern the practice and procedure in all cases and proceedings in the United States Tax Court. Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand.

Rule 1(a) sets no standard of behavior and imposes no obligation upon any party, and therefore cannot have been the basis for the entry of default judgment.

In their motion for the default judgment, taxpayers referred to Rule 1(b). That Rule provides:

(b) Construction. These Rules shall be construed to secure the just, speedy, and inexpensive determination of every case.

The taxpayers justify the Tax Court's order as based on Rule 1 which they construe as giving them a right to a just, speedy, and inexpensive determination of their case. It is evident that the taxpayers believe that the Tax Court's order was based on a violation of Rule 1(b) notwithstanding its reference to Rule 1(a). We believe we would be warranted, on the basis of the motion and the arguments which were made before the Tax Court, in overlooking the Tax Court's reference to Rule 1(a) and assuming that the order was intended to refer to Rule 1(b). We find it more difficult, however, to convert Rule 1(b) into a binding precept for action, as the taxpayers do, when, by its very language, it is only a canon of construction. Although the underlying basis of Rule 1(b) is both salutary and broad, it only comes into play when the proper application of a Tax Court Rule is in question. Thus, a default judgment under Rule 123 cannot be sustained on the basis merely of a violation of Rule 1(b).

The taxpayers have suggested that the Commissioner's conduct failed to comply with Rule 91(a) which requires the parties to stipulate the relevant facts to the fullest extent to which complete or qualified agreement can or fairly should be reached.[2] The taxpayers appear to view Rule 91 as self-executing. As the Commissioner points out, the procedure for obtaining a remedy for a failure to stipulate under Rule 91(a) appears to be set forth in Rule 91(f) which provides that the party proposing to stipulate may file a motion to compel stipulation.[3] There may be some merit to the Commissioner's position that the sanction for a failure to stipulate is limited to that specifically provided by Rule 91(f)(3) which provides that if no adequate response is filed to a motion to compel stipulation, "that matter or portion thereof will be deemed stipulated for purposes of the pending case." On the other hand, in *Miller v. Commissioner*, 654 F.2d 519 (8th Cir. 1981), the court held that the sanction provided by Rule 91(f)(3) is not exclusive, and that the Tax Court has authority to enter a dismissal pursuant to Rule 123(b) when a party has violated a court order. We may assume for purposes of this appeal that the remedy set

2. Rule 91(a) provides:
   (a) Stipulations required. (1) General. The parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included in matters required to be stipulated are all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute. Where the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate. The requirement of stipulation applies under this Rule without regard to where the burden of proof may lie with respect to the matters involved. Documents or papers or other exhibits annexed to or filed with the stipulation shall be considered to be part of the stipulation.

3. Rule 91(f) provides:
   (f) Noncompliance by a party. (1) Motion to compel stipulation. If, after the date of issuance of trial notice in a case, a party has refused or failed to confer with his adversary with respect to entering into a stipulation in accordance with this Rule, or he has refused or failed to make such a stipulation of any matter within the terms of this Rule, the party proposing to stipulate may, at a time not later than 45 days prior to the date set for call of the case from a trial calendar, file a motion with the Court for an order directing the delinquent party to show cause why the matters covered in the motion should not be deemed admitted for the purposes of the case. The motion shall (i) show with particularity and by separately numbered paragraphs each matter which is claimed for stipulation; (ii) set forth in express language the specific stipulation which the moving party proposes with respect to each such matter and annex thereto or make available to the Court and the other parties each document or other paper as to which the moving party desires a stipulation; (iii) set forth the sources, reasons, and basis for claiming, with respect to each such matter, that it should be stipulated; (iv) show that opposing counsel or the other parties have had reasonable access to those sources or basis for stipulation and have been informed of the reasons for stipulation; and (v) show proof of service of a copy of the motion on opposing counsel or the other parties.

forth in Rule 91(f)(3) does not limit the Tax Court's authority to enter a default judgment under Rule 123(a). This case, however, raises the issue whether Rule 123(a) can be invoked for failure to comply with Rule 91(a)(1) when there has been no motion filed under Rule 91(f)(1) and no order has been entered pursuant thereto.

We believe it is inappropriate for this court to decide in the first instance whether Rule 91(a)(1) can fairly be construed as self-executing, notwithstanding the provisions of Rule 91(f)(1). The parties have referred us to no case which discusses that issue. In *Miller v. Commissioner, supra,* the court affirmed the decision of the Tax Court dismissing the taxpayer's petition for failure to follow Rule 91 and execute a meaningful stipulation. In *Miller,* however, the taxpayer not only refused to execute the stipulation proposed by the Commissioner, but refused to follow the specific order of the court directing him to execute a meaningful stipulation or suffer dismissal.

Furthermore, the conduct upon which a dismissal under Rule 123(b) can be predicated appears to be broader than that for a default judgment under Rule 123(a). Unlike Rule 123(a), Rule 123(b) is not limited to failure to comply with the rules or any order of the Court. Rule 123(b) authorizes dismissal "for failure of a petitioner properly to prosecute" and "for other cause which the Court deems sufficient." There is no comparable language in Rule 123(a). Thus, cases sustaining dismissals under Rule 123(b) are of only limited precedential value for a default judgment under Rule 123(a). *See Freedson v. Commissioner,* 565 F.2d 954 (5th Cir. 1978) (holding the Tax Court had discretion to dismiss the taxpayers' case because of their continued uncooperativeness in producing discovery and unpreparedness to present their case at trial); *see also McCoy v. Commissioner,* 76 T.C. 1027 (1981) (dismissing suit for failure of taxpayers to respond to interrogatories and produce documents as required by court order). *But see Crandall v. Commissioner,* 650 F.2d 659 (5th Cir. 1981) (reversing dismissal of the taxpayer's petition for failure to file a proper petition and filing fee as ordered by

the court because the court of appeals found "no history of delay or contumacious conduct by the appellant").

█ Because the order which has been appealed from fails to specify which of the Tax Court Rules the Commissioner violated, we believe the appropriate disposition of this case is to remand to the Tax Court. The remand will give the Tax Court an opportunity to construe the scope of Rule 91(a) and its interrelationship with Rule 91(f)(1). In light of our remand, we will not decide whether the record would support a finding that the Commissioner failed to stipulate within the scope of Rule 91.

Our remand does not suggest that there may not be some authority, dehors the Rules, to support default judgment against a party in an appropriately egregious case. Every court may have inherent jurisdiction and authority to take that action which is deemed necessary to control its docket and supervise conduct of the parties acting before it. *But see Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 206–07, 78 S.Ct. 1087, 1092–93, 2 L.Ed.2d 1255 (1958). We are particularly sensitive to the heavy burden of cases before the Tax Court, and the necessity for the active and vigorous cooperation of the Commissioner to alleviate the burden upon that court to the extent possible. In this case, however, the Tax Court based its order on Rule 123(a), and it must therefore be applied according to its terms.

The Commissioner also argues that even if a default judgment was otherwise appropriate, the Tax Court erred as a matter of law in entering a decision against the Commissioner without first requiring taxpayers to show a prima facie case on the merits. Acceptance of the Commissioner's argument would require reading into Rule 123(a) language which is not there. In effect, the Commissioner is arguing that Rule 123(a) is applicable only to taxpayers and not to the Commissioner, although that Rule states that it applies to "any party" and in fact the Commissioner is a party in

every case before the Tax Court. The Commissioner believes such judicial reconstruction of Rule 123(a) is warranted in light of Fed.R.Civ.P. 55(e) which provides "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." The Commissioner emphasizes that the Court of Claims, in which the United States or one of its officers or agencies is a party to every case, has held that it will be guided by the policy of Fed.R.Civ.P. 55(e) even though the Court of Claims Rules do not contain a like provision. *See Putnam Mills Corp. v. United States*, 479 F.2d 1334, 1341 (Ct.Cl.1973). We note, however, that Rule 1(a) of the Tax Court Rules permits reference to the Federal Rules of Civil Procedure where there is no applicable Tax Court Rule. Since Rule 123 is applicable, it may be that reference to Fed.R.Civ.P. 55(e) is precluded. In any event, as in the case of Rule 91, we believe the Tax Court should have the first opportunity to construe its own rules.

It may be that this issue need not be reached in this case because the record may support the conclusion that the Tax Court did in fact find that the taxpayer presented a prima facie case, since the Court heard the positions of the parties, stated that it would review the entire record, and entered an order which expressly refers to that record in entering the default judgment.

For the foregoing reasons, we will remand this matter to the Tax Court for clarification of the basis upon which the default judgment was entered and for further consideration or proceedings, if necessary.