EDWARD R. AND ROSEANN SOKOLSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sokolski v. Commissioner
Docket No. 11882-88.
United States Tax Court
T.C. Memo 1989-100; 1989 Tax Ct. Memo LEXIS 100; 56 T.C.M. (CCH) 1429; T.C.M. (RIA) 89100; March 13, 1989. *100 A timely petition was served on R on May 31, 1988. R failed to file a timely answer. On Oct. 27, 1988, in response to an Order of the Court, R's Motion to File Answer Out of Time was filed and R's Answer was lodged. Held: R failed to establish that he exercised reasonable diligence to ensure that his Answer was timely filed. Held further: R's Motion to File Answer Out of Time is granted , except that as a sanction under Rules 104 and 123, Tax Court Rules of Practice and Procedure, for R's failure to timely file his Answer, it shall be taken as established that R erred in determining that additional interest is due from Ps under sec. 6621(c), I.R.C. 1954. Jeffrey A. Human, for the petitioners. Anne M. DiFonzo and Terry W. Vincent, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case came before the Court on respondent's Motion for Leave to File Answer Out of Time with accompanying Answer. [1] Notices of deficiency were issued to petitioners on March 2, 1988, and on March 28, 1988, for the taxable years 1979 and 1980, respectively. The notices determined deficiencies and additions to tax as follows: Year
Deficiency
Sec. 6653(a) Addition
1979
$ 6,077.89
$ 303.89
1980
$ 7,013.00
$ 350.65
Respondent further determined that additional interest was due under section 6621(c) (formerly section 6621(d)). [1]
*102 A petition disputing both notices of deficiency was filed on May 31, 1988. [2] The petition was also served on respondent on the same date. When no answer was filed by the due date, August 1, 1988, the Court issued an order on September 14, 1988, requiring respondent to file a motion for leave to file an answer. Respondent's motion for leave was filed on October 27, 1988, and respondent's answer lodged on the same date. In his motion, respondent alleges that he inadvertently mailed the original of his answer to petitioners' counsel rather than to the Court. In an attempt to explain the inadvertence, respondent submitted an affidavit executed by the secretary to the district counsel wherein the procedures for filing of pleadings are described. The affidavit sets forth in part as follows: 3. All of respondent's offices have a computerized tracking system (CATS) to monitor and control Tax Court cases. 4. When a new Tax Court case is received from the Chief Counsel's office, the file includes a CATS printout sheet which shows the date by which the respondent's answer must be *103 filed with the Court. 5. After review of the new case file by the District Counsel the case is assigned to one of the respondent's docket attorneys by the Assistant District Counsel. 6. On a weekly basis each docket attorney receives a CATS generated printout which contains a listing of all pleadings which are required to be completed within the next two weeks. 7. After the respondent's answer is prepared by the docket attorney and reviewed and approved by the District Counsel or Assistant District Counsel it is given back to the secretary for the docket attorney for dating and conforming of signatures. 8. The docket secretary then places the original of the answer which is to be mailed to the Court in a mailing slot in the mailroom entitled "Tax Court". A copy of the answer is also placed in another mailing slot entitled "CATS". The petitioner's copy of the answer is then placed in an envelope for mailing. After completion of the certificate of service by date stamping, the respondent's legal file containing an initialled copy of the answer is returned to the docket attorney. 9. At the end of the day the primary CATS operator takes the pleadings from the "Tax Court" *104 mailing slot and prepares a Transmittal listing and describing each pleading that is being mailed to the Court. After dating, the Transmittal and the pleadings described therein are placed in an envelope and mailed to the Court. A duplicate copy of the Transmittal is placed chronologically in a folder awaiting the return of the receipted acknowledged copy from the Court. 10. The copies placed in the CATS mailing slot are used by the primary CATS operator to update the status of the docketed case on the CATS system. The answer date reflected on the retained copy is recorded in the CATS system by the primary CATS operator. 11. My review of the Buffalo office's time and attendance roster for July 12, 1988 indicates that the primary CATS operator was not present at the end of the day when the mailings to the Court would occur. In her absence the backup CATS operator is responsible for the preparation of the Transmittal and mailing to the Court. In this case it appears that the original of the answer was mailed to petitioners' counsel rather than placed in the Tax Court mailing slot. The docket attorney assigned to the case was not alerted to the nonfiling of the answer with *105 the Court inasmuch as the primary CATS operator, using the copy of the answer placed in the CATS mailing slot, subsequently made an entry into the CATS system showing an answer filing date of July 12, 1988. 12. In July of 1988 respondent's Buffalo office did not provide the docket attorney with a copy of the Transmittal reflecting the mailing of the pleadings to the Court. This procedure has now been changed and each docket attorney is given a copy of each Transmittal reflecting any submission of any pleading to the Court concerning his (or her) assigned case. The respondent's Buffalo office continues to associate the acknowledged Transmittal from the Court with the retained copy of the Transmittal. The two copies are then retained together in a chronologically maintained folder to insure that all pleadings mailed are received by the Court. The primary CATS operator uses the retained copy as a tickler file to check with the Court in the event that the acknowledged Transmittal is not returned within a ten day period. In additional support of his motion, respondent argues that petitioners will not be prejudiced by the brief delay since the parties have arrived at a basis of settlement *106 and the matter would not be further litigated in any event. Petitioners object to respondent's motion. Petitioners argue that they will be prejudiced in that respondent should not be permitted to profit from his failure to file a timely answer. Petitioners cite Betz v. Commissioner,90 T.C. 816 (1988); Shore v. Commissioner,T.C. Memo. 1988-356; and Nicklo v. Commissioner,T.C. Memo. 1988-235. Petitioners also argue that the understanding they had with respondent was not a negotiated settlement but rather an economically compelled settlement based on the costs and difficulties relating to carrying petitioners' burden of proof. They further advise that no settlement documents have been received from respondent or executed at this point. As we have stated on numerous occasions, it is within the complete discretion of this Court in the interest of justice to allow pleadings to be made out of time. Rule 25(c); Betz v. Commissioner, supra;Vermouth v. Commissioner,88 T.C. 1488, 1491-1492 (1987). We must intially initially decide whether respondent's failure to file a timely answer was due to willful *107 neglect, or due to inadvertence. In Vermouth v. Commissioner, supra at 1499, we stated "the test is not whether the defaulting party deliberately perpetuated the default, but rather whether by some reasonable diligence on his part the default could have been avoided." A review and analysis of the affidavit presented by respondent reveals that at the time of the preparation and mailing of the answer in this case, there was no system in place whereby the attorney responsible for filing the answer could ensure that an answer was actually mailed to the Court. Respondent indicates in his November 1988 affidavit that the procedure has been changed to ensure that the attorney to whom the matter is assigned is aware of the mailing of the answer to the Court. As in Betz,[3] once a document was prepared all responsibility for timely filing it with the Court fell on the support staff. We stated in Betz that: Attorneys who practice before this Court are charged with the responsibility of observing our Rules. While efficient use of an attorney's time dictates that certain tasks be delegated to the support staff, the ultimate responsibility for "diligence" rests *108 upon the attorney handling the matter. * * * [Betz v. Commissioner, supra at 820.] We find on this record that respondent failed to exercise due diligence in complying with Tax Court Rule 36. Despite a rather elaborate CATS system, at the time the answer was due, the attorney to whom the case was assigned would not have been aware of the mailing (or failure to mail) an answer since he or she was not provided with a copy of the transmittal to the Court. Thus, there was a gap in respondent's system which he has apparently recognized by subsequently modifying his procedures. In determining what sanction, if any, is appropriate, we examine the prejudice to petitioners that may result from respondent's failure to comply with our Rules. See Betz v. Commissioner, supra;Vermouth v. Commissioner, supra. The answer was due to be filed on August 1, 1988. Respondent timely prepared his answer and mailed it to petitioners on July 12, 1988. The original of such answer was received by petitioners on July 14, 1988. In this regard, the delay in filing the pleading does not appear *109 to be prejudicial to the preparation of petitioners' case. Petitioners argue that they have been prejudiced in that additions to tax under section 6653(a)(2) and additional interest under section 6621(c) have been imposed. Petitioners argue that these time-sensitive sanctions should not be imposed when respondent's conduct has caused a delay and thereby increased the amount involved. Betz v. Commissioner, supra.
We believe that a delay has resulted from respondent's failure to timely file his answer. There can be no joinder of issue until the filing of the answer. Rule 38. Accordingly, the Court could not proceed to calendar this matter in the normal way. Additionally, the filing of the instant motion, the time required for responses, hearing, and consideration by the Court result in the passage of additional time. With respect to the additional interest under section 6621(c), we agree that respondent should not be allowed to profit from a time-sensitive sanction against petitioners when respondent's conduct caused delay, even if only for a brief period, and thereby increased the amount involved. Betz v. Commissioner, supra at 823. As we *110 stated in Betz:
Potential prejudice to petitioner in the form of continuing interest, and particularly additional interest under section 6621(c), is logically connected to respondent's fault. See Vermouth v. Commissioner,88 T.C. at 1496. An appropriate sanction, therefore, is to deem it established that respondent erred in determining that additional interest is due under section 6621(c). [Betz v. Commissioner, supra at 823.] With respect to the addition to tax under section 6653(a)(2), we note that no such additions have been determined by respondent. [4]
We will grant respondent's motion to file answer out of time but will order that it be taken as established that no additional interest is due under section 6621(c). An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to section 7443A and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of filing the petition herein, petitioners resided at East Amherst, New York.↩
3. See also Shore v. Commissioner,↩ T.C. 1988-356.
4. The notices of deficiency refer to a sec. 6653(a)(2) addition; however, the notices further indicate that such addition applies beginning with 1981 tax returns. Since the years involved in this case are 1979 and 1980, it is clear that sec. 6653(a)(2) does not apply.↩