CHARLES R. AND CARRIE M. KIRSCHBAUM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CHARLES R. KIRSCHBAUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirschbaum v. Commissioner
Docket Nos. 43604-86; 668-88
United States Tax Court
T.C. Memo 1989-526; 1989 Tax Ct. Memo LEXIS 526; 58 T.C.M. (CCH) 232; T.C.M. (RIA) 89526; September 26, 1989
Charles R. and Carrie M. Kirschbaum, pro sese. Thomas C. Morrison, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Sec.
6653(a)
Sec.
Sec.
Sec.
Sec.
Docket No.
Year
Deficiency
or (a)(1)
6653(a)(2)
6651(a)(1)
6654
6661
43604-86
1978
$  1,625.00
$ 129.00
-
$   406.00
$  45.00
-
1979
1,382.00
147.00
-
346.00
43.00
-
1980
2,363.00
204.00
-
591.00
124.00
-
1981
1,934.00
167.00
*
484.00
127.00
-
1982
1,110.00
162.00
**
278.00
59.00
-
1983
1,866.00
180.00
***
467.00
77.00
-
668-88
1984
10,325.00
516.25
****
1,906.00
436.67
$ 2,581.25
*529 Section 6653(a) was revised for years after 1980 and divided into section 6653(a)(1) and (a)(2). All section references are to the Internal Revenue Code as amended and in effect for the years in issue. The issues for decision are whether petitioners are liable for the additions to tax determined by respondent and whether withholding tax credits for 1978 and 1979 may be applied to petitioners' tax liability for 1980 to the extent that such credits exceed their liabilities for 1978 and 1979. Petitioners also contend that the Court should direct the abatement of interest under section 6404(e). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners were residents of Auburn, Washington, at the time they filed their petitions. During the years in issue, petitioner Charles R. Kirschbaum was employed *530 by the Port of Seattle and received wages as a result of that employment. For 1977 and earlier years, petitioners filed Federal income tax returns. In January and March 1978, Mr. Kirschbaum submitted to his employer Forms W-4 on which he substantially increased the number of withholding allowances that he was claiming. Thereafter the Internal Revenue Service commenced an investigation into the validity of the claimed withholding allowances. Various letters to Mr. Kirschbaum from the Internal Revenue Service advised him of criminal penalties that might result from filing a false or fraudulent Form W-4. In addition, his employer wrote to Mr. Kirschbaum that "continuance of your conduct in the matter under investigation by the Internal Revenue Service could be grounds for your discharge from employment with the Port if in fact you are charged and convicted of a crime." Petitioners did not file Federal income tax returns for 1978, 1979, 1980, 1981, 1982, 1983, or 1984. Petitioners' tax liability and the amount of taxes withheld from petitioner's wages during the years in issue were as follows: Docket No.
Year
Amount of Tax
Amount of Credit
43604-86
1978
$ 1,632
$ 1,908
1979
2,118
3,102
1980
6,585
3,418
1981
6,087
2,822
1982
6,043
4,262
1983
6,655
3,470
668-88
1984
7,651
2,910
*531 The amount of withholding credits for 1978 and 1979 thus exceeded the amount of tax due for those years. Petitioners did not claim a refund of the withheld taxes prior to the filing of the petition in docket No. 43604-86 on November 10, 1986. OPINION The parties have agreed to the correct amount of deficiencies in petitioners' Federal income tax liability for the years in issue. They disagree, however, as to whether petitioners are liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654 for all years and section 6661 for 1984. They also disagree as to whether the statute of limitations bars application of excess withholding from 1978 and 1979 to their tax liability for 1980. With respect to the additions to tax, petitioners' only argument is that in 1978 Mr. Kirschbaum was placed on notice that he was targeted for criminal prosecution. Thereafter petitioners failed to file tax returns, purportedly relying on the Fifth Amendment to the United States Constitution. Petitioners did not, however, consult a lawyer or an accountant with respect to their failure to file. Petitioners' contentions with respect to the additions to tax may be disposed of summarily. *532 Even in the context of a criminal case, a taxpayer does not have a privilege to refuse to file tax returns merely because a criminal investigation may be pending against him. United States v. Sullivan , 274 U.S. 259 (1927); United States v. Malquist, 791 F.2d 1399 (9th Cir. 1986); United States v. Carlson, 617 F.2d 518 (9th Cir. 1980). A fortiori, a Fifth Amendment claim is not reasonable cause for failure to file a tax return, which is required to avoid the addition to tax under section 6651(a)(1). Such unexcused failure to file also constitutes negligence or intentional disregard of rules and regulations for purposes of section 6653(a). See, e.g., Emmons v. Commissioner, 92 T.C. 342 (1989), on appeal (5th Cir., May 30, 1989); Thompson v. Commissioner, 78 T.C. 558, 562-563 (1982); Reiff v. Commissioner, 77 T.C. 1169 (1981). The addition to tax for failure to pay estimated tax under section 6654 is mandatory absent exceptions not claimed or shown to apply here. Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980). Similarly, there is no basis for excusing petitioners *533 from the addition to tax for a substantial understatement of income tax for 1984, because none of the exceptions in section 6661 apply. We must also reject petitioners' contentions that they are entitled to credit against their 1980 tax liability for excess withholding from 1978 and 1979. Section 31(a) provides: (a) Wage Withholding for Income Tax Purposes. -- (1) In general. -- The amount withheld as tax * * * shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle. (2) Year of credit. -- The amount so withheld during any calendar year shall be allowed as a credit for the taxable year beginning in such calendar year. If more than one taxable year begins in a calendar year, such amount shall be allowed as a credit for the last taxable year so beginning. Section 6511 provides in pertinent part: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods *534 expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits and Refunds. -- * * * (2) Limit on amount of credit or refund. -- * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed. Section 6513(a) provides: (a) Early Return or Advance Payment of Tax. -- For purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511(b)(2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, *535 the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments. Section 6512(b)(2) provides: (2) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), * * * if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), * * * in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been *536 commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532. As a result of the foregoing provisions, petitioners' withholding credits for 1978 and 1979 are deemed payments of tax on April 15, 1979, and April 15, 1980, respectively. No returns were filed by petitioner and claims for refund were not made within 2 years after the dates of such payments. Petitioners, therefore, are not entitled to any credits against taxes due for subsequent years. Finally, petitioners request that the Court direct that interest on the deficiencies for 1980 through 1984 be abated because "the delay in resolving the tax liability in this case is attributable to the error of the respondent and his agents and their pursuing a criminal case." We have no jurisdiction generally to abate interest. See Betz v. Commissioner, 90 T.C. 816 (1988). See also Bowman v. United States, 824 F.2d 528 (6th Cir. 1987); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). We have held specifically that we lack jurisdiction to consider an interest abatement issue raised *537 under section 6404(e). 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352 (1987). Code section 7481(c), enacted by section 6246(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751, serves to confer jurisdiction to determine whether the taxpayer has made an overpayment of interest on deficiencies assessed and paid under Code section 6215. That section does not apply. In any event, delays in this case were due to petitioners' totally unwarranted failure to file tax returns and not to any error on the part of the Internal Revenue Service. To implement the stipulation of the parties, Decisions will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on $ 1,934.00. ↩
**. 50 percent of the interest due on $ 1,110.00. ↩
***. 50 percent of the interest due on $ 1,866.00. ↩
****. 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment subject to sec. 6653(a)(1).↩