MORTON & SAFI REED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reed v. Commissioner
Docket No. 23341-85
United States Tax Court
T.C. Memo 1990-126; 1990 Tax Ct. Memo LEXIS 126; 59 T.C.M. (CCH) 78; T.C.M. (RIA) 90126; March 12, 1990
Jerome A. Busch, for the petitioners. Howard Rosenblatt, for the respondent. NAMEROFF
*203 MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This matter is before the Court on respondent's Motion for Leave to File an Amendment to Answer. A hearing on the motion was held in Los Angeles, California on October 25, 1989. The parties have submitted memoranda in support of their respective *127 positions. Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the taxable years 1978, 1980 and 1981 as follows: Year
Deficiency
Sec. 6653(a) * [1]
Sec. 6653(a)(2)
Sec. 6659
1978
$  1,029.00
$    51.45
-
$    308.70
1980
92,375.00
4,618.75
-
-
1981
36,269.00
1,813.45 ** 10,880.70
In addition, section 6621(c) was determined to be applicable for all years at issue. The notice of deficiency was mailed by respondent on May 7, 1985, and disallowed losses claimed for 1980 and 1981 with respect to Challenge Energy, a limited partnership included in the Mar Oil litigation project. The 1978 adjustment pertained to an investment credit recapture. The petition was timely filed on July 5, 1985, and respondent's answer thereto was filed on September 3, 1985. *128 Respondent filed his Motion for Leave to File an Amendment to Answer on April 26, 1989. As grounds for the motion, respondent alleges that he has obtained additional facts indicating that the deficiencies and additions to tax as set forth in the notice of deficiency are significantly understated. Furthermore, respondent contends that petitioners would not be prejudiced or surprised if respondent's motion were granted. The amended answer lodged with respondent's motion proposes that petitioners' correct deficiency for 1981 is $ 941,718, that the addition to tax pursuant to section 6653(a)(1) is $ 47,086, and that the addition to tax pursuant to section 6653(a)(2) should be computed based on an underpayment of $ 941,718. In response, petitioners contend that respondent has failed to demonstrate reasonable diligence and that petitioners would be prejudiced if respondent's motion were granted. Apparently, the notice of deficiency was issued as a result of the examination of Challenge Energy by a project group of respondent. Meanwhile, an audit of petitioner's 1981 return was either ongoing or commenced shortly after the mailing of the notice of deficiency. The revenue agent obviously *129 must have been unaware that a notice of deficiency had been mailed. A revenue agent's report was issued on November 21, 1985, and petitioners' representative filed a protest and requested a hearing with respondent's Appeals Division. The revenue agent's report determined that petitioners failed to report gross income of $ 303,260, dividend income of $ 419,193, and Schedule C income of $ 304,209. None of these proposed adjustments had any relationship to Challenge Energy. On July 16, 1986, petitioners' representative signed and mailed to respondent a consent extending the statute of limitations for 1981. In October *204 1986, respondent's counsel was advised informally of the case pending in Appeals. Meanwhile, Morton Reed filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on September 12, 1986. The automatic stay went into effect pursuant to 11 U.S.C. section 362(a)(8) at the time the petition in bankruptcy was filed. Generally, if a debtor has filed a petition in the Tax Court prior to the filing of a petition in bankruptcy, the Tax Court proceeding *130 will be stayed. 11 U.S.C. sections 362(a)(1) and (8). The automatic stay may be modified for cause pursuant to 11 U.S.C. section 362(d) on request of a party in interest. The debtor, the Commissioner, or the trustee in bankruptcy may seek such relief. Morton Reed was discharged from bankruptcy on June 5, 1987. The trustee filed his report and requested his discharge from office on August 7, 1987. The trustee vacated his report by notice filed on December 7, 1987. According to the bankruptcy case record, proceedings in the bankruptcy case continued through at least May 10, 1989. Respondent filed two claims in the bankruptcy action. One claim, dated March 31, 1989, was based upon the revenue agent's report. In March 1989, counsel for respondent learned of the discharge in bankruptcy. Shortly thereafter, respondent filed his motion and lodged his proposed amendment to answer. Under section 6214(a), [2] this Court has jurisdiction to consider a claim by the Commissioner for an increased deficiency or additions to tax at any time before the *131 entry of a final decision. Ferrill v. Commissioner, 684 F.2d 261, 265 (3rd Cir. 1982), affg. per curiam a Memorandum Opinion of this Court; Henningsen v. Commissioner, 243 F.2d 954, 959 (4th Cir. 1957), affg. 26 T.C. 528 (1956). See Koufman v. Commissioner, 69 T.C. 473 (1977). However, section 6214(a) does not give the Commissioner an unqualified right to amend his answer to claim an increased deficiency or addition to tax. Commissioner v. Long's Estate, 304 F.2d 136, 141-142 (9th Cir. 1962), affg. unreported orders of this Court; Commissioner v. Erie Forge Co., 167 F.2d 71, 76 (3d Cir. 1948), affg. a Memorandum Opinion of this Court; Koufman v. Commissioner, supra.Section 7453 expressly authorizes this Court to adopt rules governing practice before it, and the Commissioner,like any other party before this Court, is required to conform to such rules. Koufman v. Commissioner, supra at 476. *132 Under Rule 41(a), where no responsive pleading is required, a party may amend his pleading at any time within thirty days after the pleading is served if the case has not yet been placed on a trial calendar. Otherwise, a party may amend his pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires. Waterman v. Commissioner, 91 T.C. 344, 347 (1988). Whether a motion seeking amendment should be allowed is within the sound discretion of the Court, and its decision will not be reversed unless it abuses its discretion. Commissioner v. Long's Estate, supra at 144; Commissioner v. Erie Forge Co., supra.
In determining the justice of a proposed amendment, we must examine the particular circumstances in the case before us, for the exercise of discretion may never be arbitrary and must be controlled by sound reason and fairness. California Brewing Assn. v. Commissioner, 43 B.T.A. 721, 725 (1941). If there is evidence of surprise or substantial disadvantage to petitioner, the Commissioner's *133 motion to amend should be denied, because the purpose of section 6214(a) is to give petitioner a fair opportunity to answer and resist the claim before it is considered by the Court. Ferrill v. Commissioner, supra; Henningsen v. Commissioner, supra; Helvering v. Edison Securities Corp., 78 F.2d 85, 91 (4th Cir. 1935), affg. in part and remanding 29 B.T.A. 483 (1933). Conversely, in cases where there was no evidence of surprise or prejudice to petitioner, this Court has been reversed for refusing to allow the Commissioner to amend his answer to claim an increased deficiency, even after the Court has filed its opinion. Commissioner v. Ray, 88 F.2d 891 (7th Cir. 1937), revg. an order of the Board of Tax Appeals. Petitioners argue that the approximate four year delay from the filing of the petition to the filing of the motion to amend the answer reflects respondent's willful neglect in that respondent failed to file the motion with reasonable diligence. In Waterman v. Commissioner, supra, respondent's initial answer failed to affirmatively set forth fraud allegations *134 as required by Rules 142(b) and 36(b). However, approximately two and one-half months after the answer was filed, respondent's counsel located relevant missing files and moved the Court to file an amended answer. The Court held that respondent had acted with reasonable diligence and allowed the amended answer to be filed. *205 Under section 6214, there is no due date by which an amended answer must be filed for respondent to claim an increased deficiency. Indeed, under the statute, such claims may be made at or before the hearing or rehearing. The standard under Rule 41(a) is "when justice so requires." In Waterman we held that in determining whether justice requires granting respondent's motion to file an amended answer, we direct our inquiry to whether petitioner has been prejudiced by respondent's delay in filing the motion to file an amended answer. We also considered whether the delay was due to a failure on the part of respondent to exercise reasonable diligence. Waterman v. Commissioner, supra.Whether respondent acts with reasonable diligence is a question *135 of fact requiring an analysis of the circumstances of each case. Consequently, we examine whether respondent acted with reasonable diligence in the period following the filing of the original answer on September 3, 1985, and whether petitioners have been prejudiced by the delay. Respondent's counsel admits that from October 1986 (when he was advised by the Appeals Division of the related case) through March 1989 (when he was advised of the discharge in bankruptcy), he "lost track of the case." In this regard, we note that this case was part of the Mar Oil litigation project, which involved thousands of cases, most of which have not yet been closed. It is questionable whether respondent's counsel should have taken steps to lift the stay in order to file the motion to amend his answer. Certainly, he cannot be accused in this regard of willful neglect. It is reasonable that he waited for notification of the discharge. Upon learning of the discharge, respondent's counsel filed his motion on April 26, 1989. We believe under these circumstances that respondent's counsel acted with reasonable diligence. We also find that petitioners have not shown surprise or substantial disadvantage *136 in regard to contesting the new adjustments. Petitioners were on notice as to the proposed adjustments by reason of their receipt of the revenue agent's report after receiving the notice of deficiency. They referred the matter to their accountant, who proceeded to pursue an administrative resolution, even to the point of extending the statute of limitations. Petitioners can hardly claim surprise to their disadvantage. Lewis v. Commissioner, 90 T.C. 1044 (1988), does not compel a contrary conclusion. Respondent bears the burden of proof with regard to these adjustments, Rule 142(a), and petitioners will be entitled to a full and fair hearing thereon. Since the case has not yet been calendared, ample time exists for exploration of the facts by petitioners either informally or through discovery. We think that justice requires the granting of respondent's motion and further believe that no sanctions should accompany that grant. In addition to Waterman, petitioners rely on Betz v. Commissioner, 90 T.C. 816 (1988), and Vermouth v. Commissioner, 88 T.C. 1488 (1987). *137 Both Betz and Vermouth deal with instances in which respondent failed to file his original answer to the petition. In Betz, respondent believed that the answer had been mailed to the Court timely, but failed to follow established procedures to insure such receipt. Respondent, in response to a Court order, offered a proposed answer approximately 22 months beyond its due date. The Court, in Betz, allowed the answer to be filed, but imposed a sanction against respondent by holding no additional interest would be due under section 6621(c). In Vermouth, respondent's counsel failed to file a timely answer and twice moved to extend the time for filing due to his inability to obtain the administrative file. This inability was found to be due to "bureaucratic inertia," which could have been overcome by diligent efforts. In Vermouth, the answer was also permitted to be filed, but allegations pertaining to fraud were stricken as a sanction on the ground that respondent's actions were not beyond his control. Each of these cases is distinguishable on its facts. Petitioners further assert that they were prejudiced by respondent's failure to move the Bankruptcy Court *138 for leave to lift the automatic stay to allow respondent to file the amended answer with this Court. Petitioners argue that by not seeking to lift the stay, respondent was denying petitioners the opportunity of disposing of the adjustments at issue in the Bankruptcy Court. However, respondent was under no duty to bring such a motion before the Bankruptcy Court. Furthermore, petitioners' inability to litigate the adjustments before the Bankruptcy Court will not prevent them from contesting respondent's adjustments in this forum. Respondent's motion for leave to file an amendment to his answer will be granted. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue unless otherwise noted. All Rule references are to the Tax Court Rules of Practice and Procedure. * For the 1981 taxable year, the applicable Code section is section 6653(a)(1). ** Fifty percent of the interest due on $ 36,269.00.↩
2. References to sections 6214(a) and 7453↩ relate to the Internal Revenue Code currently in effect.