VIRGIL AND MARILYN VERSTEEG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 23721-87.          Filed August 23, 1988.

*Andrew F. Plasse,* for the petitioners.
*Matthew I. Root* and *Glen Hirabayashi,* for the respondent.

### OPINION

GERBER, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

---

[1]This case was assigned pursuant to sec. 7443A of the Internal Revenue Code of 1986 and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This matter came before the Court on respondent's motion to dismiss for lack of jurisdiction and counsel for petitioners' motion to withdraw. An additional issue raised at the hearing on the aforementioned motions is whether sanctions should be imposed on petitioners' counsel under Rule 33(b).

### Respondent's Motion To Dismiss for Lack of Jurisdiction

The petition in this case was executed by Andrew F. Plasse as counsel for petitioners on June 29, 1987, and filed on July 14, 1987. In the petition, counsel for petitioners refers to an attached notice of deficiency as Exhibit A to the petition. In fact, Exhibit A is a letter from respondent dated June 22, 1987, relating to a final notice of intention to levy for taxes due for the year ending December 31, 1978.

In his motion, respondent argues that no notice of deficiency was issued for the taxable year 1978. Rather, respondent states that the notice of intention to levy stems from the assessment of the tax shown on petitioners' 1978 Federal income tax return. Accordingly, respondent argues that the Tax Court does not have jurisdiction to consider this case.

This Court has limited authority and may exercise jurisdiction only to the extent expressly provided by Congress. Sec. 7442; *Pyo v. Commissioner,* 83 T.C. 626, 632 (1984); *Kluger v. Commissioner,* 83 T.C. 309 (1984); *Medeiros v. Commissioner,* 77 T.C. 1255, 1259 (1981). In a deficiency action, our jurisdiction is premised upon the issuance of a notice of deficiency by respondent and the timely filing of a petition for redetermination of the deficiency by the taxpayer. Section 6212(a) provides for the issuance of a notice of deficiency by respondent. Once this has occurred, section 6213(a) provides that a taxpayer may file a petition within 90 days of the date of mailing of the notice of deficiency (or 150 days if the notice is addressed to the taxpayer outside the United States).

It appears that a tax has been assessed in this case as a result of petitioners' having reported a tax liability due on

their 1978 Federal income tax return. Further, it appears that petitioners failed to remit part or all of the reported tax liability. No deficiency was determined for petitioners' 1978 taxable year, and no notice of deficiency was issued in this case. Accordingly, we are without jurisdiction to consider petitioners' petition for redetermination. Based on the foregoing, respondent's motion to dismiss for lack of jurisdiction will be granted. *Shelton v. Commissioner,* 63 T.C. 193 (1974).

## *Respondent's Motion for Counsel Fees Under Rule 33(b)*

At the hearing of this matter, respondent requested that we consider the award of counsel fees under Rule 33(b). We have authority to resolve all questions related to the issues of our jurisdiction, including ancillary matters such as an award of counsel fees, even when we ultimately conclude that a matter should be dismissed for lack of jurisdiction. *Hubbard v. Commissioner,* 89 T.C. 792, 798 (1987); see also *Weiss v. Commissioner,* 88 T.C. 1036, 1040 (1987).

As a basis for an award of attorney's fees, respondent relies on the fact that counsel for petitioners filed the petition when no notice of deficiency had been issued. Further, even after respondent filed his motion to dismiss for lack of jurisdiction on the ground that no notice of deficiency had been issued, petitioners' counsel did not concede the jurisdictional issue. According to respondent's counsel, counsel for petitioners stated in a telephone conversation that the petition was filed to give petitioners additional time to secure funds to pay the tax liability. Counsel for petitioners did not challenge this statement. Rather, he stated that since the collection division would not negotiate a reduction in taxes, he filed the petition knowing that he could contact the appeals division for a review.

In 1986, Rule 33(b) was amended to allow for an award of attorney's fees in certain circumstances. Amended Rule 33(b) provides as follows:

The signature of counsel or a party constitutes a certificate by him that he has read the pleading; that, to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension,

modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation  * * * If a pleading is signed in violation of this Rule, the Court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable counsel's fees. [85 T.C. 1121, 1125-1126]

The 1986 amendment to Rule 33(b) parallels the 1983 amendment to rule 11 of the Federal Rules of Civil Procedure. 85 T.C. at 1125-1126. Thus, in any question requiring interpretation of Rule 33(b), the authorities interpreting rule 11, Federal Rules of Civil Procedure, are considered by the Tax Court. Cf. *Espinoza v. Commissioner*, 78 T.C. 412, 415-416 (1982).

The amendment to Rule 33(b) requires some inquiry into both the facts and law at the time the petition is filed. The level of inquiry is tested against the standard of reasonableness under the circumstances. The Advisory Committee on the amendments to the Federal Rules of Civil Procedure noted as follows with regard to rule 11:

The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar. [28 U.S.C.A. 391, Fed. R. Civ. P. 11, advisory committee's note, 1983 amendment (Supp. 1988).]

It does not appear that counsel filed the petition based on faulty facts supplied by petitioners. Nor does it appear that counsel for petitioners relied on another member of the bar in filing the petition. Further, since the petition was filed well within 90 days after the mailing of the collection notice, counsel had ample time to ascertain the pertinent facts.

Thus, the only factor which we find material to our inquiry as to the reasonableness of counsel's action in this case is whether the petition was based on a plausible view

of the law. We find that the petition in this case was totally unwarranted by existing law and that no good-faith argument could be made for the extension, modification, or reversal of existing law. In this regard, we find that counsel for petitioners either ignored or failed to make reasonable inquiry into the law before signing the petition. Had counsel made the least bit of inquiry as to the requirements for jurisdiction in this Court, he would have found that our jurisdiction is premised upon the issuance of a notice of deficiency and the timely filing of a petition by the taxpayer.[2] Rule 13(a); secs. 6212 and 6213; see, e.g., *Commissioner v. Gooch Milling & Elevator Co.,* 320 U.S. 418, 420 (1943); *Abrams v. Commissioner,* 787 F.2d 939, 941 (4th Cir. 1986), affg. 84 T.C. 1308 (1985); *DaBoul v. Commissioner,* 429 F.2d 38 (9th Cir. 1970).

Instead of conceding the lack of jurisdiction when respondent filed his motion to dismiss, counsel for petitioners first sought additional time to object to respondent's motion, and then, after being granted additional time, attempted to withdraw from the case. Counsel for respondent objected to counsel for petitioners' attempt to withdraw, arguing that it was merely a further attempt to delay. In petitioners' reply to respondent's notice of objection, counsel for petitioners states that "Upon information and belief, a Notice of Deficiency was issued to Petitioners." Thus, while it is apparent that no notice of deficiency was issued to petitioners in this case, counsel for petitioners continued to assert that a notice of deficiency was issued. Counsel for petitioners' response, filed approximately 7 months after the jurisdictional issue was raised, further reveals that petitioners' counsel either ignored or failed to make a reasonable inquiry into the facts and law.

Rule 33(b) clearly imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243 (2d Cir. 1985). The rule emphasizes the responsibility of the attorney. See *Eastway Construction Corp. v. City of New York.* Counsel for petitioners has failed to carry out his responsibility.

---

[2] Counsel is a member of the bar of this Court. As such he should already be familiar with the jurisdictional prerequisite for bringing a deficiency action in this Court.

Accordingly, we will order counsel for petitioners to pay respondent's reasonable expenses, including attorney's fees,' under Rule 33(b).

In response to our order dated April 8, 1988, respondent filed an itemized statement of attorney's fees. The total amount of reasonable attorney's fees, including reasonable expenses, claimed by respondent is $498.90. In our order, we also directed counsel for petitioners to file his objection, if any, to the amount of attorney's fees claimed by respondent. Respondent's itemized statement was served on counsel for petitioners on May 9, 1988. Counsel for petitioners interposed no objection to the amount claimed by respondent. Accordingly, we award the amount of $498.90 to respondent, to be paid by counsel for petitioners.

Further, based on the foregoing, we will deny counsel for petitioners' motion to withdraw.

*An appropriate order will be entered.*