EDGAR A. BOLTON AND JUDY R. BOLTON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14125-88.          Filed March 28, 1989.

*Steven L. Staker, Kevin G. Staker,* and *Gregory R. Gose,* for the petitioners.

*Albert L. Gunston* and *Terry W. Vincent,* for the respondent.

OPINION

CHABOT, *Judge:* Respondent's motion to extend time within which to answer filed herein was assigned to Special Trial Judge Peter J. Panuthos.[1] This case came before the Court on respondent's motion to extend time within which

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to answer. After a review of the record, we agree with and adopt his opinion as set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case came before the Court on respondent's motion to extend time within which to answer. A notice of deficiency was issued to petitioners on May 26, 1988, determining a deficiency for the taxable year 1984 in the amount of $12,124.67. Respondent also determined additions to tax under section 6653(a)(1) in the amount of $606.15 and section 6653(a)(2) in the amount of 50 percent of the interest due on the deficiency. Respondent further determined that there is a substantial understatement of income tax liability within the meaning of section 6661 and determined an addition to tax in the amount of $3,031.16.

A petition was filed on June 17, 1988, and a copy thereof served on respondent on June 20, 1988.[2] In the petition, petitioners allege, among other things, that respondent failed to issue the notice of deficiency within the period prescribed by section 6501. Respondent's answer was due to be filed on August 19, 1988. After service of the petition on respondent, an input was made in respondent's national computer system known as "CATS." On June 24, 1988, respondent's San Jose District Counsel Office sent a printout of computer data to the San Jose Appeals Division, and to the San Jose District Examination Division requesting the administrative file. On August 10, 1988, a second request for the administrative file was sent from the San Jose District Counsel Office to the San Jose Appeals Division. District Counsel received the administrative file on August 16, 1988.

Respondent's motion to extend time within which to answer was filed on August 8, 1988. Respondent's answer was lodged on October 7, 1988.[3] In his motion, respondent's counsel alleges that he did not have the administrative file which he required for preparation of affirmative

---

[2] At the time the petition was filed, petitioners resided at Thousand Oaks, California.

[3] Attached to the answer lodged with the Court is a copy of the 1984 return. The return reflects a received date by the Fresno Service Center of Oct. 15, 1985. The date next to petitioner Edgar A. Bolton's signature is Oct. 10, 1985. No date appears next to the signature of Judy R. Bolton.

allegations in the answer. Respondent argues that the allegations made by petitioners in their petition that the statute of limitations barred assessment of the deficiency are groundless. Respondent therefore concludes that, had petitioners not made the allegations in their petition, respondent's counsel could have answered the petition without need for additional time. Since the petition was filed 22 days after the mailing of the notice of deficiency, respondent concludes that counsel had an additional 68 days to investigate the facts prior to filing the petition to determine whether or not petitioners had a good faith claim with respect to the statute of limitations issue.

In response, petitioners argue the following: (1) After the initial request for the administrative file on June 24, 1988, respondent apparently did nothing to obtain the file until the second request was made on August 10, 1988; (2) respondent's counsel received the administrative file in response to the second request on August 16, 1988, and could have filed an answer by the due date, August 19, 1988; (3) respondent did not lodge his answer with the Court until October 7, 1988; (4) petitioners were justified in raising a statute of limitations issue since the original Federal tax return with date stamp of filing was not available to petitioners or counsel at the time of filing the petition; and (5) petitioners were out of town at the time the petition was filed and therefore the date of filing the return could not be verified.

As we have previously stated, it is within the complete discretion of the Court in the interest of justice to allow pleadings (other than the petition) to be made out of time or to extend the period within which such pleadings are to be filed. *Betz v. Commissioner,* 90 T.C. 816 (1988); *Vermouth v. Commissioner,* 88 T.C. 1488 (1987). Rule 25(c) allows some flexibility in applying our rules of timing where fairness demands relaxation of otherwise rigid time requirements. *Rea v. Commissioner,* 60 T.C. 717 (1973).

In determining whether respondent's failure to file an answer within the 60-day period provided by Rule 36(a) was due to willful neglect or due to inadvertence, we stated in *Vermouth v. Commissioner, supra* at 1499 that "the test is not whether the defaulting party deliberately perpetuated

the default, but rather whether by some reasonable diligence on his part the default could have been avoided."

Respondent has not satisfied us that he acted with due diligence in obtaining the administrative file in this case. After respondent's counsel's initial request for the administrative file on June 24, 1988, a second request was not made until August 10, 1988, more than 6 weeks later. There is nothing in this record indicating additional attempts to follow up in obtaining the administrative file. Further, respondent's counsel received the administrative file on August 16, 1988, 3 days before the due date of August 19, 1988. Respondent has failed to explain why he did not immediately prepare an answer and file it with the Court on or before the due date. Respondent waited until October 7, 1988, before he lodged his answer with the Court. In this regard, it is noted that the affirmative allegations in the answer are simple and straightforward. Respondent alleges that petitioners' 1984 Federal income tax return was filed on October 15, 1985,[4] and that the notice of deficiency mailed on May 26, 1988, was issued prior to the expiration of the 3-year period of limitations under section 6501(a).

If these were the only matters to consider, we might well deny respondent's motion since respondent's failure to timely file his answer was attributable to "bureaucratic inertia." *Vermouth v. Commissioner, supra.*

We do not review respondent's conduct in a vacuum, however. Thus, if petitioners' conduct in any way contributed to the failure to file a timely answer, this factor must also be considered in exercising our discretion. Respondent's need for the administrative file in this case was created, at least in part, by petitioners' allegations with respect to the statute of limitations. A review of the petition, which had a complete copy of the notice of deficiency attached, reveals that respondent may have been able to file his answer without such background data and substantially comply

---

[4]Petitioners, in their Rule 50(c) statement, do not deny that the return was filed on Oct. 15, 1985, as alleged by respondent. Since respondent has raised petitioners' statute of limitations allegations as having contributed to the delay, we assume that petitioners would have disputed respondent's allegation as to the filing date of the return if they were in disagreement. Rather, petitioners' response was directed towards their counsel's inability to ascertain the correct filing date at the time the petition was filed. We thus assume, for purposes of the pending motion, that the return was filed on Oct. 15, 1985. This conclusion is also supported by the copy of the 1984 return attached to the answer lodged with the Court.

with Rule 36(b) had petitioners not pleaded the statute of limitations. However, with respect to the allegations that the period of limitations had expired, respondent under Rules 36 and 39 was required to affirmatively respond. This required a review of the Federal income tax return or other evidence of the date the return was filed. Thus the statute of limitations allegations made it impossible to provide an adequate answer without additional underlying documentation.

Counsel for petitioners alleges that at the time of the filing of the petition, he was unable to verify the filing date of the 1984 Federal income tax return. In this regard, we note that Rule 33(b) provides as follows:

> The signature of counsel or a party constitutes a certificate by him that he has read the pleading; that, to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * *

We have had occasion to award counsel fees for a violation of Rule 33(b). *Versteeg v. Commissioner,* 91 T.C. 339 (1988). The notice of deficiency in this case was issued on May 26, 1988. Under section 6213, petitioners had 90 days to file a petition. The petition was filed on June 17, 1988, only 22 days after issuance of the notice of deficiency. Counsel for petitioners had ample time to make an inquiry in order to determine whether the period of limitations had run under section 6501(a). Counsel for petitioners has failed to convince us that the allegations relating to the statute of limitations were well grounded in fact and formed after reasonable inquiry. Accordingly, we are not satisfied that petitioners' pleadings satisfy the provisions of Rule 33(b). *Versteeg v. Commissioner, supra* at 342.

While respondent is not without fault here, we find that the allegations made by petitioners in their pleading may have contributed to the delay and to respondent's failure to file an answer within the 60-day period provided by Rule 36(a). Faced with a situation of both parties' failure to comply with our Rules, we exercise our discretion in favor

of not imposing sanctions against one or the both parties or their counsel. Based on the foregoing, respondent's motion to extend time for filing his answer is granted and the Court will permit the filing of respondent's answer previously lodged herein.

*An order granting respondent's motion will be will be issued.*