## DIANE C. NEW, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 20881-87.          Filed May 30, 1989.

*Wallace Musoff,* for the petitioner.
*Lawrence Blaskopf,* for the respondent.

### OPINION

WELLS, *Judge:* The instant case is before us on respondent's motion for summary judgment and petitioner's motion to vacate our Rule 37(c) order. (Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.) Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:

| Year | Deficiency | Additions to tax | | |
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 |
| --- | --- | --- | --- | --- |
| 1983 | $6,178 | $3,089.00 | [1] | $1,544.50 |
| 1984 | 15,169 | 7,584.50 | [2] | 3,792.25 |

[1] 50 percent of the interest on $6,178.
[2] 50 percent of the interest on $15,169.

Petitioner resided in New York, New York, when she filed her petition on June 25, 1987. Respondent timely filed his answer, but petitioner did not file her reply within the time permitted by Rule 37(a). Respondent then moved that undenied affirmative allegations in the answer be deemed

admitted pursuant to Rule 37(c). On December 10, 1987, the Court notified petitioner that if she did not file a reply by December 24, 1987, affirmative allegations in respondent's answer would be deemed admitted. Petitioner failed to file a reply within the time permitted, and respondent's motion was granted on January 14, 1988. During the winter of 1987-88, petitioner had moved from her apartment in New York City and lived on Long Island with her mother for about 2 months before moving to Brooklyn, New York.

On April 6, 1988, the instant case was set for trial at the September 6, 1988, New York trial session. On August 1, 1988, respondent moved for summary judgment, and petitioner was ordered to file her response, if any, on or before September 2, 1988. During the summer of 1988, petitioner first obtained counsel, and on August 31, 1988, petitioner's counsel informed respondent that petitioner's counsel would be representing petitioner in the instant case. Petitioner's counsel also advised respondent of petitioner's address change.

At the calendar call of the instant case on September 6, 1988, petitioner's counsel entered an appearance and requested a continuance. On that date, the Court allowed petitioner until October 10, 1988, to file a response to respondent's motion for summary judgment. On September 12, 1988, petitioner filed her opposition to respondent's motion for summary judgment, lodged a reply to respondent's answer, and moved that the Court's Rule 37(c) order be vacated. An evidentiary hearing was held on the parties' motions on December 5, 1988.

We must decide the following issues: (1) Whether to vacate our Rule 37(c) order and allow petitioner to file her reply out of time and (2) if we decide against petitioner on the first issue, whether to grant respondent's motion for summary judgment.

In an analogous context, Rule 90(f) permits withdrawal of deemed admissions "when the presentation of the merits of the case will be subserved thereby" and the party obtaining the admissions "fails to satisfy the Court that the withdrawal * * * will prejudice him in prosecuting his case or defense on the merits." There is no similar rule permitting the withdrawal of affirmative allegations deemed ad-

mitted under Rule 37(c). Rule 25(c), however, provides that "Unless precluded by statute, the Court in its discretion may make longer or shorter any period provided by these Rules." Presumably, the period for filing a reply may be extended under the foregoing rule.

We have held, "It is within the complete discretion of this Court in the interest of justice to allow pleadings to be made out of time." *Betz v. Commissioner,* 90 T.C. 816, 817 (1988), and cases cited therein. We also have held, "Rule 25(c) allows some flexibility in applying our rules of timing where fairness demands relaxation of otherwise rigid time requirements." *Bolton v. Commissioner,* 92 T.C. 656, 658 (March 28, 1989).

In applying Rule 25(c), we have inquired whether the failure to file a pleading within the time allowed was due to willful neglect or inadvertence. *Vermouth v. Commissioner,* 88 T.C. 1488, 1499 (1987). In *Vermouth,* we stated, "the test is not whether the defaulting party deliberately perpetuated the default, but rather whether by some reasonable diligence on his part the default could have been avoided." 88 T.C. at 1499.

The foregoing cases involved the prospect of defaulting respondent because of his failure to file an answer. The instant case, on the other hand, involves the failure of a taxpayer to file a timely reply after respondent has filed an answer and moved for a Rule 37(c) order. In the absence of such a motion, the affirmative allegations of an answer are deemed denied. When respondent moves that undenied affirmative allegations in an answer be deemed admitted, however, the affirmative allegations are deemed admitted unless petitioner files a reply within the period prescribed by the Court. Thus, the procedure for obtaining deemed admissions under Rule 37(c) closely resembles the discovery procedure provided by Rule 90, which also provides for deemed admissions upon the failure of a party to respond to allegations.

We have held that deemed admissions under Rules 37(c) and 90(c) are similar. *Marshall v. Commissioner,* 85 T.C. 267, 273 (1985). Thus, deemed admissions under the two Rules serve similar purposes and are obtained by similar procedures. Given those parallels, we believe the standard

for withdrawing Rule 37(c) deemed admissions (by allowing an extension of time to file a reply pursuant to Rule 25(c)) should be the same as the standard under Rule 90(f) for withdrawing Rule 90(c) deemed admissions.

Rule 90 is based upon Rule 36 of the Federal Rules of Civil Procedure (F.R.C.P.). In *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983), the court construed F.R.C.P. 36 as follows:

Thus, the court has the power to make exceptions to the Rule only when (1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result. Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. Vesting such power in the district court is essential for Rule 36 admissions effectively to narrow issues and speed the resolution of claims. [Emphasis in original; citations omitted.]

The first precondition to withdrawal of deemed admissions is that "presentation of the merits" be advanced by the withdrawal. *Morrison v. Commissioner*, 81 T.C. 644, 648 (1983). In *Chapoteau v. Commissioner*, T.C. Memo. 1989-37, we stated:

We read this precondition as requiring the moving party to indicate in his moving papers facts which tend to refute the substantive deemed admissions. By "substantive" we mean those admissions bearing on liability, as opposed to admissions regarding procedural events, such as the issuance of the statutory notice of deficiency. Although the moving party should not be required to "try" his case in order to obtain withdrawal of deemed admissions, neither should he be able to obtain withdrawal by simply arguing that withdrawal will necessitate a trial and thereby subserve "presentation of the merits." In almost all cases, withdrawal of deemed admissions will prevent summary adjudication and necessitate trial. Thus, the precondition that withdrawal advance "presentation of the merits" would be a virtual dead letter if it were satisfied upon a showing that withdrawal would force a trial. We decline to interpret our Rule that way.

Thus, in order to render Rule 90(f)'s language meaningful, the moving party should be required to demonstrate that a trial would serve a purpose other than delay, namely, the presentation of competing evidence. This can be accomplished by indicating facts or proposed evidence contrary to or inconsistent with those set forth in substantive deemed admissions. * * * [56 T.C.M. 1145 at 1146-1147; 58 P-H Memo T.C. par. 89,037 at 89-170 to 89-171.]

In the instant case, the Court finds that petitioner has averred facts tending to refute the deemed admissions. She alleges that the deposits cited by respondent stem from nontaxable gifts. Moreover, she has represented to the Court that at trial she intends to call witnesses who will so testify. Compare *Savoie v. Commissioner,* T.C. Memo. 1983-204. Thus, withdrawal of the deemed admissions will advance presentation of the merits of the case.

As to the second precondition to withdrawal, we do not find prejudice to respondent sufficient to deny petitioner her day in court. We reach that conclusion because petitioner's counsel has admitted the deposits and petitioner therefore bears the burden of proving nontaxable sources. Rule 142(a). Although respondent bears the burden of proving petitioner's liability for the fraud addition (Rule 142(b)), respondent's case rests almost entirely upon the admitted deposits.

In *Morrison v. Commissioner, supra* at 650, we balanced "our interest in diligence of litigation and the prejudice to respondent against petitioners' desire for a trial on the merits." In that case, the balancing led us to deny the taxpayers' motion for withdrawal of deemed admissions. We emphasized, however, the taxpayers' unjustified refusal to cooperate in discovery and other pre-trial procedures and that such conduct would have prejudiced respondent were the admissions withdrawn. In the instant case, by contrast, petitioner's admission of the deposits relieves respondent of the burden of producing most, if not all, of his case. Thus, *Morrison* involved facts which distinguish it from the instant case.

The admitted deposits are alleged in paragraphs 6 and 7 of respondent's answer. Because petitioner's reply denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, we will order that petitioner is precluded from offering evidence at trial which refutes the existence of the deposits alleged in the answer, in order to ensure that respondent will not be prejudiced by allowing petitioner to file that reply.

Therefore, respondent's motion will be denied, petitioner's motion to vacate our Rule 37(c) order will be granted, and petitioner's reply will be filed.

To reflect the foregoing,

*An appropriate order will be issued.*