ROBERT B. LEACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leach v. Commissioner
Docket No. 2477-92
United States Tax Court
T.C. Memo 1993-215; 1993 Tax Ct. Memo LEXIS 209; 65 T.C.M. (CCH) 2699; May 18, 1993, Filed *209 For petitioner: Bradford E. Henschel. For respondent: Erin Collins. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] When this case was called for trial, respondent orally moved to dismiss for lack of prosecution pursuant to Rule 123(b) and for penalties under section 6673. Respondent determined deficiencies in petitioner's 1987 and 1988 Federal income taxes in the respective amounts of $ 3,755 and $ 3,210. For 1987, respondent determined additions to tax under section 6651(a)(1) in the amount of $ 436, under section 6653(a)(1)(A) in the amount of $ 187.75, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the entire underpayment. For 1988, respondent determined additions to tax under section *210 6651(a)(1) in the amount of $ 328 and under section 6653(a)(1) in the amount of $ 160.50. Basically, respondent determined that petitioner, a wage earner, failed to file his 1987 and 1988 income tax returns and report wages earned. Respondent's determinations are based, in part, upon treating petitioner as "married filing separately." Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time of the filing of the petition in this case. Petitioner bears the burden of showing that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The issues for decision are: (1) Whether this case should be dismissed for failure to properly prosecute; (2) whether petitioner timely filed his 1987 and 1988 Federal tax returns, and, if not, whether respondent's determinations are correct; (3) whether the statute of limitations bars assessment and collection of the deficiency and additions to tax for 1987; (4) whether petitioner is liable for the additions to tax; (5) whether the United States *211 Tax Court is a court of law; and (6) whether penalties under section 6673 should be imposed. The petition herein was filed by Mr. Henschel, on behalf of petitioner, on February 3, 1992. The petition lists 10 "grounds for appeal": (1) The statute of limitations bars assessment for the 1987 tax year; (2) withholding taxes were not properly taken into consideration in the notice of deficiency; (3) petitioner was not negligent (and respondent should be liable for attorney fees); (4) the notice of deficiency fails to take into consideration that petitioner was married with three dependent children; (5) petitioner is entitled to child and dependent credit; (6) petitioner and his wife filed timely joint returns for 1987 and 1988; (7) petitioner is entitled to deductions; (8) because of the possible loss of documents at the Fresno Service Center, and the possibility of computer operator error in assigning a "document locator number", it is impossible to prove that petitioner and his wife filed their returns; (9) statutes authorizing respondent to "lay and collect" taxes are unconstitutional; and (10) this Court cannot have jurisdiction because of the separation of powers doctrine. The *212 petition was signed by Mr. Henschel. On April 6, 1992, respondent filed an answer denying petitioner's substantive allegations and alleging facts regarding the timely issuance of the notice of deficiency for 1987. Petitioner failed to reply to respondent's answer as required by Rule 37. Thus, on June 12, 1992, respondent filed a motion for entry of order that undenied allegations in answer be deemed admitted. The Court notified petitioner that respondent's motion had been filed, and, if no reply was filed with the Court on or before July 6, 1992, respondent's motion would be granted. Mr. Henschel, on behalf of petitioner, filed an opposition to motion for entry of order that undenied allegations in answer be deemed admitted on July 10, 1992. In petitioner's opposition, Mr. Henschel stated that due to lack of communication with petitioner and "the large volume of work and turnover in staff at [his] office", he inadvertently failed to reply to respondent's answer. However, petitioner's opposition did contain a paragraph which denied the allegations contained in respondent's answer regarding the timely issuance of the notice of deficiency for 1987. The Court then extended the *213 time within which to file a reply to August 17, 1992. When no reply was filed by that date, the Court granted respondent's motion on August 25, 1992, and the undenied allegations in the answer were deemed admitted. Nevertheless, because of the denial paragraph contained in petitioner's opposition, we will consider the period of limitations issue. Motion to Dismiss for Failure to Properly Prosecute
This case was set for trial on January 21, 1993. On that date, Mr. Henschel appeared for petitioner. However, as petitioner failed to appear to testify, Mr. Henschel was unable to proceed with trial, but did not move for a continuance. [2] Respondent then orally moved that this case be dismissed for failure to properly prosecute. Respondent also noted to the Court that petitioner failed to comply with the Court's standing pretrial order, in that no trial memorandum was submitted by petitioner. A short recess was taken, in case petitioner was delayed in traffic, to enable Mr. Henschel to call his office and petitioner, and to allow the parties to consider a stipulation of facts. After the recess, the parties filed a stipulation of facts, and Mr. Henschel made an oral argument *214 in support of his contention that this Court is unconstitutional. Dismissal of a case is a sanction resting within the discretion of the Court. Levy v. Commissioner, 87 T.C. 794, 803 (1986). It is recognized that dismissal is a sanction of last resort, not to be used indiscriminately, but it is also recognized that this sanction must be available to the Court in appropriate cases. Levy v. Commissioner, supra at 804. In the instant case, counsel appeared on petitioner's behalf, and a stipulation of facts was filed with the Court. The facts contained therein are few, but are relevant to some of the issues. Therefore, we do not believe it is appropriate to dismiss this case for failure to properly prosecute. Rather, we will decide this case on its merits. Accordingly, respondent's oral motion to dismiss for failure to properly prosecute will be denied. *215 1987 and 1988 Tax Returns
Respondent determined that petitioner failed to timely file his 1987 and 1988 tax returns. For those years, respondent determined that petitioner received the following items of income: Year
Type
Source
Amount
Withholding
1987
Wages
Duke Pacific, Inc.
$ 23,839.37
$ 2,011.09 1987
Misc.
Duke Pacific, Inc.
90.00
--
1988
Wages
Duke Pacific, Inc.
22,803.00
1,898.35 1988
Misc.
Duke Pacific, Inc.
30.00
--
Respondent calculated the deficiencies using the married filing separately tables. Petitioner contends in his petition that he timely filed his tax returns and that such returns were misplaced by respondent. He also contends that his proper filing status for 1987 and 1988 was married filing jointly, and that he had 3 dependent children -- Jesse, Carly, and Brook Leach. Although petitioner may have believed that he timely filed his 1987 and 1988 tax returns, petitioner failed to present any evidence or convincing proof of such alleged filing. Moreover, petitioner failed to appear at trial and testify on his behalf. There is no evidence as to exemptions, deductions, and credits in excess of what respondent allowed in the notice of *216 deficiency. On this record, we must conclude that petitioner failed to satisfy his burden of proof that he timely filed his 1987 and 1988 tax returns or that respondent's determinations are not correct. Thus, having concluded that petitioner did not file a return for 1987, it follows that the period of limitations does not bar assessment of the deficiency and additions to tax for that year. Sec. 6501(c)(3). Section 6651(a)(1)
Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. It is petitioner's burden to show that he filed his return timely or that reasonable cause existed for his failure to timely file his return. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Haden v. Commissioner, T.C. Memo. 1986-539; Carlin v. Commissioner, T.C. Memo. 1981-694. We have previously determined that petitioner failed to timely file his 1987 and 1988 tax returns. There is no evidence that such failure was due to reasonable cause and not willful neglect. Therefore, *217 we sustain respondent on this issue. Section 6653
Negligence under section 6653(a) is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner also has the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). We have held that failure to file a return without reasonable cause is prima facie negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Accordingly, in view of the fact that we have held that petitioner failed to timely file his 1987 and 1988 tax returns without reasonable cause, it follows that he is also liable for the additions to tax for negligence. Constitutionality of the United States Tax Court
Petitioner alleged in his petition that the United States Tax Court lacks the authority to render a decision in this case because it is not an Article III Court under the Constitution, and therefore is without jurisdiction. At trial, petitioner's *218 counsel renewed this argument. Petitioner's assertion that this Court is unconstitutional because it was not established pursuant to the provisions of Article III of the Constitution is without merit. The constitutionality of the Tax Court has been repeatedly upheld on the basis of congressional authority to create specialized courts under article I of the Constitution. Freytag v. Commissioner, 501 U.S.   , 111 S. Ct. 2631 (1991); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971); Johnson v. Commissioner, T.C. Memo. 1983-734. A different result is not required as a result of the Supreme Court's decision in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), wherein the broad grant of jurisdiction to the bankruptcy courts over State law contract claims by the Bankruptcy Act of 1978 was declared unconstitutional. See Rowlee v. Commissioner, supra at 1114-1115. Accordingly, we reject petitioner's argument. *219 Section 6673
Section 6673(a)(1) provides that the Tax Court may require the taxpayer to pay the United States a penalty not in excess of $ 25,000 where it appears to the Tax Court that the proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. Although the arguments raised by petitioner's counsel at trial are of the type in which this Court has routinely awarded penalties under section 6673, we decline to award section 6673(a)(1) penalties against petitioner in this matter. It is possible that his absence from the proceedings was a conscious decision to default rather than pursue frivolous issues. However, we caution petitioner that we will not be so inclined if he were to raise frivolous contentions before this Court again. However, we are concerned and disturbed about the tactics of Mr. Henschel. He raised frivolous issues in the pleadings and pursued them when the case was called for trial. We believe Mr. Henschel should be sanctioned for his actions. Two means are available to the Court for the imposition of such sanctions, Rule 33(b) and section 6673(a)(2). *220 Rule 33(b) provides as follows: The signature of counsel or a party constitutes a certificate by the signer that the signer has read the pleading, that, to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The signature of counsel also constitutes a representation by counsel that counsel is authorized to represent the party or parties on whose behalf the pleading is filed. * * * If a pleading is signed in violation of this Rule, the Court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable counsel's fees.
Thus, Rule 33(b) permits an award of attorney fees to respondent. The authorities *221 interpreting Rule 11 of the Federal Rules of Civil Procedure are considered in answering any questions of interpretation of Rule 33(b). Versteeg v. Commissioner, 91 T.C. 339, 342 (1988). Rule 33(b) requires some inquiry into both the facts and law at the time the petition is filed. The inquiry is one of whether the allegations are reasonable under the circumstances. See Advisory Committee Notes to Fed. R. Civ. P. 11, 28 U.S.C. App. at 575 (1988); Versteeg v. Commissioner, supra at 342; see also Bolton v. Commissioner, 92 T.C. 656 (1989). We do not believe that Mr. Henschel ever had a reasonable belief in the facts alleged in the petition or a good faith argument that the notice of deficiency was untimely as to 1987, that respondent erroneously failed to consider taxes withheld (see sec. 31), or that petitioner was entitled to additional exemptions, deductions, or credits. Clearly, the allegations as to the possible loss of the returns by respondent, the computer error potential in assigning document locator numbers, and the unconstitutionality *222 of respondent's activities and this Court are totally frivolous and without merit. We find that those allegations in the petition are not supported by existing law. Petitioner's counsel either ignored or failed to make reasonable inquiry as to the validity of his arguments, but rather repeated allegations consistently rejected by the courts. Even after the filing of the petition, rather than focusing on issues of merit, petitioner's counsel further delayed this proceeding by making oral argument as to the legitimacy of his issue regarding the constitutionality of this Court. Based on the foregoing, we believe petitioner's counsel could be held responsible for respondent's reasonable expenses, including attorney fees, for the litigation of this case under Rule 33(b). The other possibility for sanctioning petitioners's counsel is section 6673(a)(2), even though we have declined to impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(2) provides that: (2) COUNSEL'S LIABILITY FOR EXCESSIVE COSTS. -- Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably *223 and vexatiously, the Tax Court may require -- (A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct, * * *.
For relevant history of section 6673(a)(2) and a full discussion of the standards to be considered in implementing its purpose, see Harper v. Commissioner, 99 T.C.     (1992). Section 6673(a)(2) of the Internal Revenue Code is derived from section 1927 of the Judicial Code, 28 U.S.C. section 1927 (1988), and it has been held that imposition of a sanction under 28 U.S.C. section 1927 requires a "clear showing of bad faith". See, e.g., Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1010 (2d Cir. 1986); see also Chambers v. NASCO, Inc., 501 U.S.    , 111 S.Ct. 2123, (1991) (bad faith test applied in imposing sanctions against a party under Federal court's inherent power). On the other hand, the D.C. Circuit does not require a showing of bad faith. In Reliance Ins. Co. v. Sweeney Corp., Maryland, 792 F.2d 1137, 1138 (D.C. Cir. 1986), *224 the D.C. Circuit held that: "While the language of [28 U.S.C.] § 1927 suggests deliberate misbehavior, subjective bad faith is not necessary; attorneys have been held accountable for decisions that reflect a reckless indifference to the merits of a claim." Additionally, in Mone v. Commissioner, 774 F.2d 570 (2d Cir. 1985), affg. T.C. Memo. 1984-500 and T.C. Memo. 1984-499, a tax protester case, the Second Circuit used 28 U.S.C. section 1927 to sanction the taxpayers' attorney for multiplying the proceedings unreasonably and vexatiously. In Harper v. Commissioner, supra, we held that because the taxpayer's attorney acted in bad faith in unreasonably and vexatiously multiplying the proceedings, we need not decide between the Second Circuit's bad faith standard and some lesser standard, such as recklessness or negligence, in applying section 6673(a)(2). The record in this case, considered as a whole, demonstrates that petitioner's counsel has acted with bad faith within the meaning of section 6673(a)(2). Mr. Henschel advanced frivolous and groundless tax *225 protester-type arguments. He alleged that respondent had no authority for issuing a notice of deficiency and that the Court, in which he brought the law suit, was unconstitutional. [3] Had Mr. Henschel done a scintilla of research prior to appearing before this Court, he would have discovered that the Supreme Court of the United States has already decided a similar issue. See Freytag v. Commissioner, 501 U.S.    , 111 S. Ct. 2631 (1991). Rather, Mr. Henschel chose to appear before this Court raising frivolous arguments. There is no question that the sanctions provided for pursuant to Rule 33(b) and section 6673(a)(2) are separate and independent and that we could assert both sanctions against Mr. Henschel. However, we will not do that in this case, reserving *226 such remedy for a more egregious situation. Moreover, it appears to the Court that the more flagrant action of Mr. Henschel was to pursue his frivolous argument at trial. Accordingly, we award respondent damages pursuant to section 6673(a)(2). Since this issue was raised by the Court's own motion, respondent has not provided an itemized statement of attorney fees. Thus, in our order, we will require respondent to provide the Court with such an itemized statement. [4]
To reflect the foregoing, An appropriate order will be issued and a decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Indeed, it appeared to the Court that Mr. Henschel did not expect his client to appear.↩
3. He apparently did not consider that if this argument were to be sustained, the deficiencies would be immediately assessed, because there would no longer be any prepayment forum in which to contest respondent's determinations.↩
4. Respondent will need to submit an itemized day-by-day accounting of the estimated excess attorney time spent on this case due to Mr. Henschel's misconduct. Mr. Henschel will have an opportunity through a Rule 155 proceeding to contest respondent's submission. Attorney fees are to be awarded on the basis of $ 100 per hour. Harper v. Commissioner, 99 T.C.    ↩ (1992).